**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PILIEROMAZZA PLLC<br>1001 G Street NW, Suite 1100<br>Washington, DC 20001<br><br>      Plaintiff<br><br>      v.<br><br>PM JENKINS GROUP-PROFESSIONAL<br>MANAGEMENT SERVICES, LLC D/B/A<br>W4 CONSTRUCTION GROUP, LLC<br>4341 S Westnedge Avenue, Suite 2200<br>Kalamazoo, Michigan 49008<br><br>      Serve:  Percy M. Jenkins<br>             Chief Executive Officer and<br>             Registered Agent<br>             7835 W O Avenue,<br>             Kalamazoo, Michigan 49009<br><br> -- and --<br><br>PERCY M. JENKINS, TRUSTEE FOR<br>THE PERCY M. JENKINS REVOCABLE<br>TRUST AGREEMENT<br>7835 W O Avenue,<br>Kalamazoo, Michigan 49009<br><br>-- and --<br><br>PERCY M. JENKINS<br>7835 W O Avenue,<br>Kalamazoo, Michigan 49009<br><br>      Defendants | Civil Case No. _____ |

**<u>COMPLAINT</u>**

Plaintiff, PILIEROMAZZA PLLC ("Plaintiff" or "the Firm"), in the above-entitled action,

by and through counsel, hereby demands judgment against Defendants, PM JENKINS GROUP-

PROFESSIONAL MANAGEMENT SERVICES, LLC d/b/a W4 CONSTRUCTION GROUP, LLC ("W4"), PERCY M. JENKINS, as trustee for the Percy M. Jenkins Revocable Trust Agreement ("the Trust"), and PERCY M. JENKINS ("Mr. Jenkins") (W4, the Trust, and Mr. Jenkins are collectively referred to hereinafter as "Defendants"), in the amounts set forth below, and, as its Complaint for money damages, states as follows:

NATURE OF THE CASE

1. This is an action by a District of Columbia-based law firm against W4, its former client, the Trust, and W4's owner and founder, Mr. Jenkins.

2. On or about January 25, 2021, W4 retained the Firm for purposes of receiving advice and consultation on government contracting matters. Subsequent thereto, in May 2024, litigation arose between W4 and its business partner and, as a result, W4 engaged the Firm to provide representation in that matter as well. That litigation is currently pending before the United States District Court for the Western District of Kentucky ("the Federal Lawsuit").

3. On or about December 2, 2025, Mr. Jenkins, individually and as trustee of the Trust, absolutely and unconditionally guaranteed to the Firm the prompt payment of all amounts presently or thereafter owed to the Firm in connection with the Federal Lawsuit.

4. As of July 9, 2026, Defendants owe Plaintiff $260,484.84, plus interest at a rate of 15.00% per annum.

5. Plaintiff seeks a judgment for all past-due amounts, plus interest, and attorneys' fees and costs pursuant to the Engagement Agreement and the Guaranty.

PARTIES, JURISDICTION & VENUE

6. Plaintiff is a District of Columbia professional limited liability company, owned and operated under the laws of the District of Columbia, and has a principal place of business at

1001 G Street NW, Suite 1100, Washington, DC 20001. For purposes of subject-matter jurisdiction, Plaintiff is a citizen of Colorado, Maryland, Virginia, and Washington, DC where its members are domiciled.

7.      Upon information and belief, W4 is a Michigan limited liability company, owned and operated under the laws of the State of Michigan, and has a principal place of business at 4341 S Westnedge Avenue, Suite 2200, Kalamazoo, Michigan 49008. For purposes of subject-matter jurisdiction, W4 is a citizen of each jurisdiction where its members are citizens. Upon information and belief, W4 is a citizen of Michigan.

8.      At all times herein mentioned, Defendant, Percy M. Jenkins, was and is the trustee of the Percy M. Jenkins Revocable Trust Agreement, a Michigan trust with a mailing address of 7835 W O Avenue, Kalamazoo, Michigan 49009. For purposes of subject matter jurisdiction, the Trust is a citizen of Michigan.

9.      Upon information and belief, Defendant, Percy M. Jenkins, is a resident of Kalamazoo, Michigan, with a mailing address of 7835 W O Avenue, Kalamazoo, Michigan 49009. For purposes of subject matter jurisdiction, Mr. Jenkins is a citizen of Michigan.

10.     This Court has subject-matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds the amount of $75,000.00.

11.     This Court may exercise personal jurisdiction over Defendants because they have substantial contacts with the District of Columbia such that the Court exercising personal jurisdiction over Defendants does not offend traditional notions of fair play. In addition, W4 retained Plaintiff to provide advice and counsel relating to government contract matters in the District of Columbia and to represent it in the Federal Lawsuit. Further, Mr. Jenkins, both

individually and as trustee of the Trust, agreed that any dispute arising under the Guaranty may be submitted to the exclusive jurisdiction of this Court.

12.     Venue is proper in this Court because a substantial part of the acts, omissions, and events giving rise to this suit occurred within the District of Columbia.

FACTS COMMON TO ALL COUNTS

13.     W4 holds itself out to be a general contracting company operating out of Kalamazoo, Michigan, which specializes in general construction, construction project management, and facilities maintenance.

14.     Mr. Jenkins founded W4 and serves as its chief executive officer.

15.     Mr. Jenkins also serves as trustee for the Percy M. Jenkins Revocable Trust Agreement.

16.     On or about January 21, 2021, Mr. Jenkins contacted the Firm on W4's behalf for purposes of seeking counsel on general government contracting matters. A conference was scheduled.

17.     During said conference, the Firm disclosed its hourly rate ranges for associates, counsel, and partners to W4. And it explained that it periodically reviews its attorneys' hourly rates and that changes are generally made effective January 1. The Firm provided W4 with a letter that contained these details. It included a signatory line for W4 in the event that W4 found them acceptable.

18.     Upon review of the Firm's letter, W4 determined that it would retain the Firm as its counsel for general government contracting matters. Mr. Jenkins, on W4's behalf, then executed and returned the letter (hereinafter "the Engagement Agreement") to the Firm that same day. A copy of the Engagement Agreement is appended hereto and marked as Exhibit A.

4

19. By executing the Engagement Agreement, W4 became bound by its terms and conditions.

20. Pursuant to the Engagement Agreement, W4 agreed to pay Plaintiff certain hourly rates for the work performed by the attorneys employed by Plaintiff as well as costs associated with such expenses, including: legal research, photocopying charges, messenger services, travel expenses, and other costs (e.g., litigation costs).

21. Pursuant to the Engagement Agreement, W4 received monthly invoices indicating the hours worked by attorneys and costs incurred during the representation.

22. Pursuant to the Engagement Agreement, W4 agreed that invoices were to be paid within 30 days after receipt. If invoices were not paid within that time, the Engagement Agreement provided for the accrual of interest at a rate of 1.25% per month (or 15.00% per annum).

23. Pursuant to the Engagement Agreement, W4 agreed that any dispute concerning any monthly invoice would be made within ten (10) days of W4's receipt of the invoice. If no dispute was made, the Firm would treat the invoice "as being agreed upon."

24. Pursuant to the Engagement Agreement, W4 agreed that, if it failed to pay the Firm's invoices within 30 days of receipt, it would pay "all costs and expenses in connection with any court proceeding and attorneys' fees incurred in collection of the amount due."

25. Samuel Finnerty, a partner at the Firm, was W4's primary point of contact. Where appropriate, Mr. Finnerty utilized the services of other attorneys, including partners, counsel, and/or associates, and support staff, including paralegals and executive assistants, in order to efficiently and affordably represent W4 in all matters generally related to government contracting.

26. On or about May 14, 2024, Mr. Jenkins, on behalf of W4, notified Plaintiff of a lawsuit that had been filed against W4 and its surety in connection with a building renovation

project in Fort Campbell, Kentucky, for which W4 served as the general contractor. Mr. Jenkins requested that the Firm represent W4.

27.    Plaintiff thereafter went about taking all actions necessary to adequately represent W4 in the Federal Lawsuit.

28.    Plaintiff charged W4 for legal services rendered in connection with the Federal Lawsuit as reflected in monthly statements submitted to W4.

29.    W4 never objected to or disputed any of the hourly charges or out-of-pocket expenses incurred by the Firm and billed to W4. And Plaintiff's hourly rates, and the total charges to W4, are fair and reasonable.

30.    However, W4 failed to pay a substantial portion of all fees and expenses due to Plaintiff for services rendered, and costs incurred, by the Firm for representing W4 in the Federal Lawsuit.

31.    In an attempt resolve the payment issue on behalf of W4, Mr. Jenkins, individually and as trustee for the Trust, executed a Guaranty on December 2, 2025, a copy of which is appended hereto and marked as Exhibit B.

32.    That document defines Mr. Jenkins as "Guarantor," the Trust as "the Trust-Guarantor," Plaintiff as "the Firm," and W4 as "the Client." It uses the term "Guarantors" to refer to both Mr. Jenkins and the Trust.

33.    It states, in Section 1, as follows:

**Guaranty of Payment**. Each Guarantor absolutely and unconditionally, and with respect to Guarantor, personally guarantees to the Firm the prompt payment when due of all amounts presently or hereafter owed by the Client to the Firm for fees, costs, disbursements, interests, and expenses (including attorneys' fees and collection costs) arising from the Engagement (collectively, the "Obligations"). This Guaranty is a guaranty of payment and not of collection. This Guaranty shall remain in effect unless and until the Client obtains, and the Firm accepts in writing, a line of credit in an amount and on terms sufficient, in the Firm's sole discretion,

6

to ensure payment of all Obligations.

Ex. B at 1 (emphasis in original).

34.     It also states, in Section 2, the following:

**Continuing, Unconditional Liability**. This Guaranty is a continuing, absolute, and unconditional guaranty of payment and shall remain in full force and effect until the earlier of (a) payment in full of all Obligations and termination of the Engagement, or (b) the date on which the Client secures a line of credit that the Firm determines, in its sole discretion, to be sufficient to ensure payment of all current and future Obligations, and the Firm acknowledges such sufficiency in writing. No revocation by any Guarantor shall affect any Obligations incurred prior to the Firm's written acknowledgement of such line of credit.

Id. (emphasis in original).

35.     Further, the Guaranty, in Section 9, states: "**Attorneys' Fees and Costs**. If the Firm enforces this Guaranty by suit or otherwise, the Guarantors agree to pay the Firm's reasonable attorneys' fees, court costs and other expenses incurred in enforcing this Guaranty." Id. (emphasis in original).

36.     In exchange for the Guaranty, Plaintiff agreed to continue to provide legal services to W4 and to continue its representation of W4 in the Federal Lawsuit.

37.     However, Defendants now refuse to pay the entire amount due to Plaintiff.

38.     As of July 9, 2026, Defendants owe Plaintiff $260,484.84, plus interest at a rate of 15.00% per annum (the "Outstanding Balance").

39.     Plaintiff has demanded that Defendants pay the Outstanding Balance, but Defendants have refused.

40.     The Outstanding Balance continues to accrue interest.

//

//

//

CAUSES OF ACTION

Count I – Breach of Contract
(against W4)

41.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth and restated herein.

42.     On or about January 25, 2021, Plaintiff and W4 entered into a binding and enforceable contract, specifically the Engagement Agreement.

43.     Pursuant to the Engagement Agreement, Plaintiff agreed to provide legal services to W4 at various hourly rates, plus out-of-pocket expenses, and, in exchange, W4 agreed to pay for those services and expenses.

44.     Plaintiff invoiced W4 on a monthly basis for the services provided and expenses incurred, but W4 failed to pay Plaintiff the entire amount due.

45.     W4's failure to pay all amounts due to Plaintiff for services rendered and expenses incurred represents a material breach of the parties' contract—the Engagement Agreement.

46.     As a direct and proximate result of W4's failure to pay the Outstanding Balance, Plaintiff has been damaged in the amount of $260,484.84, plus interest at a rate of 15.00% per annum, plus attorneys' fees and costs incurred to collect the unpaid amounts, as permitted by the Engagement Agreement.

WHEREFORE, Plaintiff, PilieroMazza PLLC, hereby demands judgment against Defendant, PM Jenkins Group-Professional Management Services, LLC d/b/a W4 Construction Group, LLC, in the amount of $260,484.84, plus pre-judgment interest at a rate of 15.00% per annum, plus post-judgment interest, plus attorneys' fees and costs, as Count I of this Complaint.

//

//

8

Count II – Breach of Contract
(against Mr. Jenkins, both individually and as trustee)

47.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth and restated herein.

48.    On or about December 4, 2025, Plaintiff and Mr. Jenkins entered into a binding and enforceable contract, specifically the Guaranty.

49.    Pursuant to the Guaranty, Plaintiff agreed to continue to provide legal services to W4 at various hourly rates, plus out-of-pocket expenses, and, in exchange, Mr. Jenkins, both individually and on behalf of the Trust, guaranteed to Plaintiff the prompt payment when due of all amounts owed by W4 to the Firm for fees, costs, disbursements, interest, and expenses (including attorneys' fees and collection costs) arising from the Engagement Agreement.

50.    Plaintiff invoiced W4 on a monthly basis for the services provided and expenses incurred, but W4 failed to pay Plaintiff the entire amount due.

51.    Plaintiff regularly and timely notified Mr. Jenkins, as Guarantor, that amounts remained due and owing to the Firm under the Engagement Agreement.

52.    Mr. Jenkin's and the Trust's failure to pay all amounts due to Plaintiff for services rendered and expenses incurred on behalf of W4 represents a material breach of the Guaranty.

53.    As a direct and proximate result of Mr. Jenkin's and the Trust's failure to pay the Outstanding Balance, Plaintiff has been damaged in the amount of $260,484.84, plus interest at a rate of 15.00% per annum, plus attorneys' fees and costs incurred to collect the unpaid amounts, as permitted by the Engagement Agreement.

WHEREFORE, Plaintiff, PilieroMazza PLLC, hereby demands judgment against Defendant, Percy M. Jenkins, individually and as trustee for the Percy M. Jenkins Revocable Trust Agreement, in the amount of $260,484.84, plus pre-judgment interest at a rate of 15.00% per

9

annum, plus post-judgment interest, plus attorneys' fees and costs, as Count II of this Complaint.

## Count III – Account Stated
### (against W4, Mr. Jenkins, and the Trust)

54.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth and restated herein.

55.     From January 25, 2021, through the present, Plaintiff issued regular monthly statements to W4 for amounts owed which depicted the dates work was performed, the attorney performing the work, the hourly rate charged, the time spent, and the expenses incurred.

56.     The total balance owed on those monthly statements, as of July 9, 2026 is $260,484.84.

57.     The Engagement Agreement instructed W4 to object to any balance it believed to be incorrect within 10 days of its receipt of the subject monthly invoice. Absent an objection, Plaintiff would treat the monthly statement as agreed upon.

58.     W4 has not objected to or disputed any of the hourly charges or out-of-pocket expenses Plaintiff has charged to it, but W4 has failed to pay the Outstanding Balance.

59.     W4 has not paid the monthly invoices issued by Plaintiff or responded to Plaintiff's prior demands for payment. Neither has Mr. Jenkins nor the Trust. Defendants continue to owe the Firm $260,484.84, plus interest.

60.     As a direct and proximate result of Defendants' failure to pay the Outstanding Balance, Plaintiff has been damaged in the amount of $260,484.84.

WHEREFORE, Plaintiff, PilieroMazza PLLC, hereby demands judgment against Defendants, PM Jenkins Group-Professional Management Services, LLC d/b/a W4 Construction Group, LLC and Percy M. Jenkins, individually and as trustee for the Percy M. Jenkins Revocable Trust Agreement, in the amount of $260,484.84, plus pre- and post-judgment interest, plus

attorneys' fees and costs, as Count III of this Complaint.

COUNT IV – Unjust Enrichment
(against W4)

61.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth and restated herein.

62.    In the event W4 contends or the Court determines that no binding or enforceable agreement exists between Plaintiff and W4, in the alternative to Plaintiff's breach of contract claim, Plaintiff is entitled to damages for unjust enrichment.

63.    As described above, Plaintiff conferred a valuable benefit on W4, specifically legal representation and advanced payment of out-of-pocket expenses, in the Federal Litigation.

64.    W4 retained the benefit Plaintiff provided without objection or dispute throughout the term of the representation.

65.    From January 25, 2021, through the present, Plaintiff issued regular monthly statements to W4 for amounts owed which depicted the dates work was performed, the attorney performing the work, the hourly rate charged, the time spent, and the expenses incurred.

66.    The total balance owed on those monthly statements, as of July 9, 2026, is $260,484.84, plus interest.

67.    W4 has not objected to or disputed any of the hourly charges or out-of-pocket expenses Plaintiff has charged to W4, but W4 has failed to pay the Outstanding Balance.

68.    W4 has not paid the monthly invoices issued by Plaintiff and W4 continues to retain the benefit of Plaintiff's services in the amount of $260,484.84 without compensating the Firm for the same.

69.    W4's retention of the benefit Plaintiff provided without paying for the same is unjust.

11

70.    The value of the benefit provided by Plaintiff to W4, which has not been paid, is $260,484.84.

WHEREFORE, Plaintiff, PilieroMazza PLLC, hereby demands judgment against Defendant, PM Jenkins Group-Professional Management Services, LLC d/b/a W4 Construction Group, LLC, in the amount of $260,484.84, plus pre- and post-judgment interest, attorneys' fees, and costs as Count IV of this Complaint.

COUNT V – <em>Quantum Meruit</em><br>(against W4)

71.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth and restated herein.

72.    In the event W4 contends or the Court determines that no binding or enforceable agreement exists between Plaintiff and W4, in the alternative to Plaintiff's breach of contract claim, Plaintiff is entitled to damages under a *quantum meruit* theory.

73.    As described above, Plaintiff rendered valuable services to W4, specifically legal representation and advanced payment of out-of-pocket expenses, in the Federal Litigation.

74.    W4 accepted those services from Plaintiff without objection or dispute throughout the term of the representation.

75.    From January 25, 2021, through the present, Plaintiff issued regular monthly statements to W4 for amounts owed which depicted the dates work was performed, the attorney performing the work, the hourly rate charged, the time spent, and the expenses incurred, indicating that Plaintiff expected to be paid by W4 for the work performed.

76.    The parties' Engagement Agreement, as well as the monthly statements Plaintiff issued to W4 reasonably notified W4 that Plaintiff expected to be paid by W4 for the work performed.

77.     The total balance owed on those monthly statements, and the total value of the work performed, as of July 9, 2026, is $260,484.84.

78.     W4 has not objected to or disputed any of the hourly charges or out-of-pocket expenses Plaintiff charged to W4, but W4 has failed to pay the Outstanding Balance.

79.     W4 has not paid the monthly invoices issued by Plaintiff and W4 continues to retain the benefit of Plaintiff's services in the amount of $260,484.84 without compensating the Firm for the same.

80.     The value of the benefit provided by Plaintiff to W4, which has not been paid, is $260,484.84.

WHEREFORE, Plaintiff, PilieroMazza PLLC, hereby demands judgment against Defendant, PM Jenkins Group-Professional Management Services, LLC d/b/a W4 Construction Group, LLC, in the amount of $260,484.84, plus pre- and post-judgment interest, attorneys' fees, and costs as Count V of this Complaint.

Respectfully submitted,

Dated: July 9, 2026                          /s/ Matthew T. Healy
                                             Matthew T. Healy (Bar ID MD0138)
                                             *mhealy@pilieromazza.com*
                                             **PILIEROMAZZA PLLC**
                                             1001 G Street, N.W., Suite 1100
                                             Washington, D.C. 20001
                                             Ph:  (202) 916-8666
                                             Fx:  (202) 857-0200

                                             *Attorneys for Plaintiff, PilieroMazza PLLC*

13