# EXHIBIT
# B

## GUARANTY

This **GUARANTY** ("Guaranty") is entered into as of November 21, 2025 (the "Effective Date"), by and among **Percy M. Jenkins**, an individual, residing at 7835 W O_Ave Kalamazoo MI 49009___ (the "Guarantor"); **The Percy M. Jenkins Revocable Trust Agreement**, a trust, by its trustee, Percy M. Jenkins, with a mailing address at 7835 W O Ave Kalamazoo MI 49009_ (the "Trust-Guarantor," and together with Guarantor, the "Guarantors"); and **PilieroMazza PLLC**, a law firm with offices at 1001 G Street NW, Suite 1100, Washington, DC 20001 (the "Firm").

## RECITALS

**WHEREAS**, the Firm has provided and will provide legal services to PM Jenkins-Professional Management Services d/b/a W4 Construction Group LLC (the "Client"), of which Guarantor is the Founder and Chief Executive Officer, pursuant to that certain engagement letter dated January 25, 2021 and executed by Guarantor on January 25, 2021, and as outlined in the invoices the Firm provides to Client for such services (collectively, the "Engagement"); and

**WHEREAS**, the Guarantors have requested the Firm continue to provide legal services to the Client, and the Firm has conditioned continued representation on the execution of this Guaranty.

**NOW, THEREFORE**, to induce the Firm to continue providing legal services to the Client and in consideration of the foregoing premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Guarantors hereby covenant and agree for the benefit of the Firm, as follows:

1.      **Guaranty of Payment**. Each Guarantor absolutely and unconditionally, and with respect to Guarantor, personally guarantees to the Firm the prompt payment when due of all amounts presently or hereafter owed by the Client to the Firm for fees, costs, disbursements, interest, and expenses (including attorneys' fees and collection costs) arising from the Engagement (collectively, the "Obligations"). This Guaranty is a guaranty of payment and not of collection. This Guaranty shall remain in effect unless and until the Client obtains, and the Firm accepts in writing, a line of credit in an amount and on terms sufficient, in the Firm's sole discretion, to ensure payment of all Obligations.

2.      **Continuing, Unconditional Liability**. This Guaranty is a continuing, absolute, and unconditional guaranty of payment and shall remain in full force and effect until the earlier of (a) payment in full of all Obligations and termination of the Engagement, or (b) the date on which the Client secures a line of credit that the Firm determines, in its sole discretion, to be sufficient to ensure payment of all current and future Obligations, and the Firm acknowledges such sufficiency in writing. No revocation by any Guarantor shall affect any Obligations incurred prior to the Firm's written acknowledgment of such line of credit.

3.      **Waiver of Defenses; Subordination of Rights**. Each Guarantor waives: (a) any requirement that the Firm proceed against the Client or any other person or exhaust any remedies the Firm may have against the Client; (b) notice of acceptance of this Guaranty; (c) presentment, demand, protest, notice of nonpayment, dishonor or default, and all defenses arising by reason of any disability or other defense of the Client or any other guarantor; and (d) all rights of subrogation or reimbursement against the Client until the Obligations are paid in full.

4.      **Reservation of Rights**. Nothing in this Guaranty shall be construed as a waiver of any

1

rights, remedies, or defenses available to the Firm at law or in equity. The Firm expressly reserves all rights, including the right to pursue any remedy against the Client, any Guarantor, or any collateral, in any order, separately or concurrently, in the Firm's sole discretion. The Firm's delay or failure to exercise any right or remedy shall not constitute a waiver.

5.    **No Modification or Release Without Consent**. The liabilities of the Guarantors shall not be released, impaired or affected by (a) any extension of time, renewal or modification of the Engagement or of any Obligation; (b) any amendment or waiver of any term of the Engagement; (c) any compromise, settlement, release, or discharge of any Obligation or security; (d) any bankruptcy, insolvency, dissolution or reorganization of the Client; or (e) any other circumstance that might otherwise constitute a defense to a guaranty or surety. The Firm may, at its option and without notice, accept or release security for the Obligations or modify or renew any Obligation without in any way discharging or affecting the liability of any Guarantor unless the Firm executes a written release.

6.    **Affirmation of Guarantors' Authority**. Each Guarantor represents and warrants that he, she or it has full power and authority to enter into and perform this Guaranty, that signing this Guaranty does not violate any law or other agreement, and that no consent, approval or authorization of any person or entity is required.

7.    **Joint and Several Liability**. Except as expressly limited with respect to the Trust-Guarantor, the representations, warranties, covenants, agreements, and obligations of the Guarantors are joint and several. The Trust-Guarantor's liability is limited as set forth in Section 8 of this Guaranty.

8.    **Limited Liability of Trust-Guarantor**. Notwithstanding anything herein to the contrary, the obligations of The Percy M. Jenkins Revocable Trust Agreement under this Guaranty shall be enforceable solely against the assets of the Trust-Guarantor, and not against any trustee, successor trustee, trust beneficiary, or any person other than the Trust-Guarantor to the extent of its assets. Nothing in this Guaranty shall be construed to impose personal liability on the trustee of the Trust.

9.    **Attorneys' Fees and Costs**. If the Firm enforces this Guaranty by suit or otherwise, the Guarantors agree to pay the Firm's reasonable attorneys' fees, court costs and other expenses incurred in enforcing this Guaranty.

10.    **Governing Law; Jurisdiction; Waiver of Jury Trial**. This Guaranty shall be governed by and construed in accordance with the laws of the District of Columbia without regard to its conflicts-of-law rules. Each Guarantor irrevocably submits to the exclusive jurisdiction of the Superior Court of the District of Columbia (or the United States District Court for the District of Columbia, if applicable) for any action or proceeding arising out of or relating to this Guaranty. **EACH GUARANTOR AND THE FIRM KNOWINGLY, VOLUNTARILY, AND INTENTIONALLY WAIVES ANY RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS GUARANTY. THIS WAIVER IS A MATERIAL INDUCEMENT FOR THE FIRM TO ACCEPT THIS GUARANTY.**

11.    **Severability**. If any provision of this Guaranty is held invalid or unenforceable, such invalidity shall not affect the remaining provisions, which shall remain in full force and effect.

12.    **Amendment and Waiver**. No amendment, modification, or waiver of any provision of this Guaranty shall be effective unless in writing and signed by the Firm and the Guarantors.

2

13.     **Notices**. All notices required or permitted hereunder shall be in writing and shall be deemed given when delivered personally, sent by overnight courier, or three (3) business days after deposit in the U.S. mail, postage prepaid, by certified mail, return receipt requested, to the addresses set forth above or to any other address designated in writing.

14.     **Acknowledgements.** Each Guarantor acknowledges that (a) he, she or it has read this Guaranty; (b) he, she or it understands the nature and effect of this Guaranty and of the obligations being guaranteed; (c) he, she or it has had the opportunity to seek independent legal counsel (and either has done so or has knowingly elected not to do so); and (d) this Guaranty constitutes a written agreement signed by the Guarantor.

15.     **Execution in Counterparts; Electronic Signatures**. This Guaranty may be executed in counterparts, each of which shall be deemed an original and all of which shall constitute one instrument. Signatures delivered by PDF or other electronic means shall be deemed binding.

*[Remainder of Page Intentionally Left Blank; Signature Page to Follow]*

3

**IN WITNESS WHEREOF**, the parties have executed this Guaranty as of the Effective Date.

**PILIEROMAZZA PLLC**

By: _____

Name: Samuel S. Finnerty

Date: 12/4/2025

**GUARANTOR**

_____

Percy M. Jenkins

Date: 02/10/25

**TRUST-GUARANTOR**
THE PERCY M. JENKINS REVOCABLE TRUST AGREEMENT, by its Trustee:

_____

Percy M. Jenkins, Trustee

Date: 02/10/25

4

**IN WITNESS WHEREOF**, Guarantor, intending to be legally bound hereby, has duly executed this Guaranty to be effective as of the date set forth in the first paragraph hereof.

_____
Date

_____
Percy M. Jenkins, Guarantor

STATE OF _Michigan_    )
                                        ) ss.
COUNTY OF _Kalamazoo_    )

The foregoing instrument was acknowledged before me this 2 day of _December_, 2025 by Percy M. Jenkins, "Guarantor" herein.

_____
Notary Public

MATTHEW THOMAS MUSK
Notary public, State of Michigan
County of KALAMAZOO
My commission expires 24-Mar-2032
Acting in the County of _Kalamazoo_

**IN WITNESS WHEREOF**, Guarantor, intending to be legally bound hereby, has duly executed this Guaranty to be effective as of the date set forth in the first paragraph hereof.

_____
Date

_____
Percy M. Jenkins on behalf of The Percy M. Jenkins Revocable Trust Agreement, Trust-Guarantor

STATE OF _Michigan_    )
                                        ) ss.
COUNTY OF _Kalamazoo_    )

The foregoing instrument was acknowledged before me this 2 day of _December_, 2025 by Percy M. Jenkins on behalf of The Percy M. Jenkins Revocable Trust Agreement, "Trust-Guarantor" herein.

_____
Notary Public

MATTHEW THOMAS MUSK
Notary public, State of Michigan
County of KALAMAZOO
My commission expires 24-Mar-2032
Acting in the County of _Kalamazoo_

5